UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                                                           )<br>)<br>KEVIN MURPHY,                              )<br>)<br>) | Criminal No. 08-119-P-S |

## ORDER ON MOTION FOR EXTENSION OF TIME TO FILE
## 28 U.S.C. § 2255 MOTION

  Kevin Murphy has filed a motion with this court requesting that the court grant him an extension of one year for the filing of a 28 U.S.C. § 2255 motion challenging his April 13, 2009, criminal judgment.  Murphy does not specify the length of the extension he wants apropos the running of his limitation year.  He does catalog a host of difficulties he is having as a consequence of his confinement which apparently interfere with his ability to prepare a 28 U.S.C. § 2255 motion.  It appears that Murphy did not pursue a direct appeal of his sentence.  See, e.g. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). It further appears that he has some months remaining in his year.   This court cannot grant Murphy the relief he seeks from the congressional mandated one-year limitation period. See

Application of Wattanasiri, 982 F. Supp. 955, 958 (S. D. N. Y. 1997).[1] The motion for extension of time is DENIED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

*So Ordered.*

July 7, 2009                          /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

---

[1] It seems that Murphy is now attempting to have some of his prior convictions overturned with the hopes of lowering his criminal history category. However, efforts such as this do not statutorily toll the 28 U.S.C. § 2255(f)(1) limitation period and do not provide a basis for this Court to grant him an extension of that statutory period. This does not mean that should Murphy successfully vacate a predicate conviction after his year has run that he would be barred from attempting to convince the court that he can bring his claims under § 2255(f)(4). See Johnson v. United States, 544 U.S. 295 (2005). Of course, § 2255(f)(4) applies to first-time 28 U.S.C. § 2255 motions.